Kevin J. Harrington (KH-5027)
John T. A. Rosenthal (JR-4819)
HARRINGTON, OCKO & MONK, LLP
81 Main Street, Suite 215
White Plains, New York 10601
Telephone: (914) 686-4800
Facsimile: (914) 686-4824

*Attorneys for Plaintiffs*
*SAS GROUP, INC. and MICHAEL SOBO*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
SAS GROUP, INC. and MICHAEL SOBO,           x   Civil Action No. **08 CIV. 1021**
                                            x
                        Plaintiffs,         x   ECF Case   **JUDGE ROBINSON**
                                            x
    -against-                               x   **COMPLAINT**
                                            x
PROVIDENCE WASHINGTON INSURANCE             x   **JURY TRIAL DEMAND**
COMPANY and PROVIDENCE WASHINGTON           x
INSURANCE SOLUTIONS, LLC                    x
                                            x
                        Defendants.         x
                                            x
------------------------------------------------------------x

SAS GROUP, INC. ("SAS") and MICHAEL SOBO ("Sobo", together with SAS "Plaintiffs") by and through their attorneys, Harrington, Ocko & Monk, LLP, as and for their Complaint against PROVIDENCE WASHINGTON INSURANCE COMPANY and PROVIDENCE WASHINGTON INSURANCE SOLUTIONS, LLC (collectively "Providence Washington" or "Defendants"), allege as follows:

1

## PRELIMINARY STATEMENT

1. This is a civil action seeking declaratory relief and damages against Providence Washington for Providence Washington's failure to provide a defense for SAS and Sobo, or to reimburse Plaintiffs for the cost of defending themselves from claims of copyright and slogan infringement, and misappropriation of advertising ideas or style of advertising pursuant to Providence Washington's contractual obligations under an insurance policy issued by Providence Washington to SAS.

2. Specifically, SAS and Sobo allege that Providence Washington has willfully, knowingly and purposely declined to defend Plaintiffs and/or reimburse Plaintiffs for defense costs Plaintiffs have already incurred in defending an action brought against them and others by Perrin & Nissen, Ltd. ("PNL") for and slogan copyright infringement, deceptive trade practices under New York law amounting to misappropriation of style of advertising, among other claims. Defendant Providence Washington has denied a defense or reimbursement of defense costs to SAS and Sobo despite express language contained in the insurance policy in question that Defendant has a duty to defend SAS and Sobo regarding claims of infringement of copyright and/or slogans by SAS.

## JURISDICTION AND VENUE

3. Jurisdiction is appropriate in this Court as SAS is a New York corporation and the insurance policy issued by Providence Washington to SAS was entered into by SAS in New York.

4. Jurisdiction is appropriate in this Court under 28 U.S.C. §§2201 and 2202, as there exists a real, actual and justiciable controversy between the parties.

2

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district, as SAS is a New York corporation with its principal offices located at 220 White Plains Road, Tarrytown, New York, and the underlying action took place in this district.

## THE PARTIES

6. Plaintiff SAS is a New York corporation with its principal place of business at 220 White Plains Road, Tarrytown, New York in Westchester County. Plaintiff SAS is in the business of selling, marketing and distributing consumer products, including children's toy products like "Amazing Elastic Plastic" ("AEP").

7. At all relevant times mentioned herein, Plaintiff Sobo was, and currently is the President of Plaintiff SAS Group, Inc.

8. Upon information and belief, and at all relevant times hereinafter mentioned, Defendant Providence Washington Insurance Company is a Rhode Island corporation, with its principal headquarters located at 88 Boyd Avenue, East Providence, Rhode Island 02914, and One Providence Washington Plaza, Providence, Rhode Island 02903. Upon information and belief, Providence Washington is in the business of supplying primary products liability and excess casualty insurance to various companies throughout the United States.

9. Upon information and belief, and at all relevant times hereinafter mentioned, Defendant Providence Washington Insurance Solutions, LLC purchased and/or assumed certain of the contractual obligations of Providence Washington Insurance Company, including certain of such contractual obligations relating to Plaintiff SAS, and the insurance policy issued by Providence Washington Insurance Company to Plaintiff SAS. Upon information and belief, Providence Washington Solutions, LLC is a limited liability company organized and existing

under the laws of the State of Rhode Island with its principal place of business at 88 Boyd Avenue, East Providence, Rhode Island 02914.

## FACTUAL ALLEGATIONS

10. In or about May 2004, SAS entered into an insurance agreement with Providence Washington.

11. The insurance policy issued by Providence Washington to SAS was numbered CX00922482 (the "Policy"), and the Policy dates for this insurance Policy ran from May 1, 2004 through March 10, 2005. As an officer of SAS, the Policy covered suits and claims against Sobo.

12. The Providence Washington Policy issued to SAS for the period included a primary commercial general liability policy with single limits of coverage of $1 million per occurrence.

13. Under the terms of the Providence Washington Policy, Providence Washington agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies. [Providence Washington] will have the right and duty to defend the insured [SAS] against any 'suit' seeking those damages, even if the allegations of the 'suit' are groundless, false or fraudulent".

14. Pursuant to the terms of the Policy, the "insurance applies to 'personal and advertising injury' caused by an offense arising out of [SAS'] business ...".

15. Under the terms of the Providence Washington Policy, personal and advertising injury means "injury ... arising out of one or more of the following offenses: ... (f) the use of another's advertising ideas in your 'advertisement'; or (g) infringing upon another's copyright, trade dress or slogan in your 'advertisement'".

16. Under the terms of the Providence Washington Policy, "advertisement means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purpose of this definition: (a) notices that are published include material placed on the internet or on similar electronic means of communication".

17. Advertising injury under the terms of the Providence Washington Policy, "means injury arising out of one or more of the following offenses: misappropriation of advertising ideas or style of doing business, or infringement of copyright, title or slogan".

18. The Policy does contain certain exclusions. In particular, the Policy does not apply to "'personal or advertising injury' arising out of infringement of copyright, patent, trademark, trade secret, or other intellectual property rights. However, this exclusion does not apply to "infringement, in your 'advertisement', of <u>copyright</u>, trade dress or <u>slogan</u>". (Emphasis added).

## The PNL Action

19. On or about November 9, 2006, PNL filed an action against SAS and Sobo, among others, alleging, *inter alia*, causes of action for trademark infringement, dilution and injury to business reputation, false designation of origin, unfair competition/false advertising, deceptive trade practices, copyright infringement, as well as breach of contract, tortious interference of a contract and fraud regarding SAS' marketing, sale and distribution of a children's toy balloon product under the trademark, "Amazing Elastic Plastic" (the "PNL Federal Action"). In its original complaint, PNL alleges that SAS and Sobo marketed and sold "Amazing Elastic Plastic" utilizing the alleged trademark, trade dress, photographs, artwork, and

slogans owned by PNL. Furthermore, the original complaint alleges that SAS and Sobo sold/advertised "Amazing Elastic Plastic" to the public through the QVC television network.

20. PNL served SAS and Sobo with a copy of the original Complaint on or about November 14, 2006.

21. On or about December 12, 2006, SAS and Sobo through counsel Harrington, Ocko & Monk, LLP, served Providence Washington with a copy of the Summons and Complaint in the PNL Federal Action by certified mail, return receipt requested. Through service of the Summons and Complaint in the Federal Action upon Providence Washington, SAS and Sobo tendered to, and requested a defense and indemnification by Providence Washington for the PNL Federal Action pursuant to the terms and obligations provided for in the Providence Washington Policy.

22. On or about February 15, 2007, the Court in the PNL Federal Action dismissed PNL's original Complaint as to SAS and Sobo with leave for Plaintiff PNL to re-plead its Complaint by March 20, 2007.

23. On or about March 9, 2007, Providence Washington sent letters to SAS and Sobo indicating receipt of the Summons and Complaint in the PNL Federal Action, and indicating that Providence Washington was declining coverage for SAS and Sobo pursuant to the terms of the Providence Washington Policy, because Providence Washington asserted the allegations in the original Complaint did not fall within the coverage provided for in the Policy.

24. Subsequently, on or about March 20, 2007, PNL filed an Amended Complaint in the PNL Federal Action against SAS and Sobo, among others. In PNL's First Amended Complaint in the Federal Action, PNL asserts, *inter alia*, that SAS and Sobo improperly utilized an infringed PNL's alleged trademark "Amazing Elastic Plastic", as well as trade dress, slogans

and copyrighted photographs associated with AEP. The PNL First Amended Complaint also alleges that SAS and Sobo advertised the AEP product on the QVC television network, as well as possibly on the Nickelodeon television channel. PNL's First Amended Complaint essentially alleges that SAS and Sobo infringed upon PNL's copyright with regard to certain photographs used in conjunction with the AEP product and trademark, as well as infringed and misappropriated certain slogans owned by PNL and improperly utilized in advertising by SAS in conjunction with the sale and marketing of the AEP product.

25. On or about May 30, 2007, counsel for SAS and Sobo provided a copy of the PNL Amended Complaint to Providence Washington, and requested again that Providence Washington provide coverage and a defense for SAS and Sobo pursuant to the terms of the Providence Washington Policy.

26. On or about August 9, 2007, Providence Washington issued a further coverage declination letter to counsel for SAS and Sobo. In this coverage declination letter, Providence Washington indicated its belief that it had no duty to defend or indemnify SAS or Sobo for the claims contained in the PNL Federal Action. Providence Washington declined to defend SAS and Sobo in the PNL Federal Action asserting that the claims in the PNL original Complaint and Amended Complaint did not fall within the definition of personal and advertising injury as defined in the Providence Washington insurance policy, because the insurance policy supposedly specifically excluded coverage for infringement of copyright and slogans.

27. On or about December 3, 2007, PNL filed and served a Second Amended Complaint pursuant to the Federal Court's October 9, 2007 Order.

28. In its Second Amended Complaint, PNL alleges causes of action against SAS for trademark infringement under Federal and State law, false designation of origin under Federal

and State law, unfair competition/false advertising under Federal and State law, and copyright infringement, among other things. In particular, PNL alleges in its Second Amended Complaint that SAS allegedly infringed PNL's copyright by allegedly marketing and advertising SAS's "Amazing Elastic Plastic" product utilizing the slogans, "toy balloon blowing magic", "use Amazing Elastic Plastic to make toys like these, also make your own favorite toys, animals, faces or anything you can imaging", and the phrase, "bonus glow in the dark". PNL also alleges in the Second Amended Complaint that SAS marketed and advertised "Amazing Elastic Plastic" on TV and through the internet.

29. On December 11, 2007, SAS through counsel provided Providence Washington with a copy of PNL's Second Amended Complaint in the PNL Federal Action and again requested that Providence Washington indemnify, defend and reimburse SAS and Sobo for costs incurred in defending the PNL Federal Action.

30. On January 15, 2008, Providence Washington again informed Plaintiffs that Providence Washington would not indemnify, defend or reimburse Plaintiffs for costs incurred in defending the PNL Federal Action.

31. As a result of Providence Washington's decision to decline coverage, or reimburse the costs of the defense of SAS and Sobo in the PNL Federal Action pursuant to the Providence Washington Policy, SAS and Sobo have incurred costs defending against the PNL original Complaint and Amended Complaint in excess of $80,000.

## AS AND FOR A FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §§2201, 2202

32. Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "31", inclusive of this Complaint, as if fully set forth herein.

8

33. In or about May 2004, Providence Washington entered into an insurance agreement with SAS to provide insurance coverage and to defend SAS and Sobo (as an officer of SAS) with regard to claims and suits against SAS or Sobo seeking damages arising out of personal or advertising injury.

34. The Providence Washington Policy did not exclude from coverage suits or damages for advertising injury regarding claims of infringement or misappropriation by SAS for advertisements that included copyrighted material or slogans allegedly owned by others used in such advertisements.

35. On or about November 9, 2006, PNL filed a Complaint against SAS and Sobo alleging, *inter alia*, infringement and misappropriation by SAS of copyright and slogans belonging to PNL, and sale and advertising of the AEP product using such copyrighted material and slogans on the television by SAS.

36. SAS and Sobo tendered the PNL Complaint to Providence Washington in a timely manner, and requested Providence Washington defend and/or indemnify SAS and Sobo in the PNL Federal Action under the terms of the Providence Washington Policy. Providence Washington declined to either defend or indemnify SAS or Sobo in the PNL Federal Action, or reimburse Plaintiffs for the costs of the defense in that action.

37. On or about March 20, 2007, PNL filed a First Amended Complaint alleging claims against SAS and Sobo for copyright infringement, misappropriation of slogans, as well as in essence, misappropriation of style of advertising, and advertising by SAS on TV of the AEP Product using such copyrighted material, and/or slogans alleged belonging to PNL.

38. On or about May 30, 2007, SAS and Sobo again requested that Providence Washington defend and/or indemnify SAS and Sobo against the allegations in the PNL Amended Complaint. Providence Washington again declined to do so.

39. On December 3, 2007, PNL filed a Second Amended Complaint alleging, among other things, copyright infringement against SAS for SAS's alleged use of various slogans in advertising the "Amazing Elastic Product". PNL also alleged in its Second Amended Complaint that Plaintiffs advertised and marketed "Amazing Elastic Plastic" on the QVC television network, as well as through the internet.

40. On January 15, 2008, Providence Washington again declined to defend, indemnify or reimburse Plaintiffs for costs incurred in defending the PNL Federal Action.

41. As a result of Providence Washington's failure to abide by its obligations pursuant to the express terms of the Providence Washington Policy issued to SAS, SAS and Sobo have suffered damages in an amount equal to or greater than $80,000.

42. There is presently a real, actual and justiciable controversy that exists between Plaintiffs and Defendant concerning the question of whether Providence Washington is required to defend and/or reimburse SAS for the costs of defending SAS and Sobo against the allegations and claims made by PNL in both the original PNL Complaint and the Amended Complaint in the PNL Federal Action and/or indemnify SAS. The interests of Plaintiff and Defendant are real and adverse, and this issue is ripe for determination.

43. Plaintiffs SAS and Sobo are entitled to a declaration that Providence Washington is required to defend SAS and Sobo with regard to the allegations and claims made by PNL against SAS and Sobo in the PNL original Complaint and Amended Complaint in the PNL Federal Action.

44.     Plaintiffs are entitled to a declaration that pursuant to the terms of the Providence Washington policy, Providence Washington must reimburse Plaintiffs for attorney's fees, costs and disbursements incurred by Plaintiffs to date (and going forward) in defending themselves in the PNL Federal Action, and indemnify Plaintiffs to the extent required under the Policy.

### AS AND FOR A SECOND CAUSE OF ACTION
### BREACH OF CONTRACT

45.     Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "44", inclusive of this Complaint, as if fully set forth herein.

46.     On or about May 8, 2004, Providence Washington issued an insurance policy to SAS numbered CX00922482 in which Providence Washington agreed to insure SAS (and Sobo as an officer of SAS) in suits or claims of copyright infringement or misuse of slogan that occurred between May 1, 2004 and March 10, 2005.

47.     Under the express terms of the Providence Washington Policy, Providence Washington had a duty to defend SAS against any suits seeking damages for personal or advertising injury.

48.     Under the express terms of the Providence Washington Policy, advertising injury included alleged use by SAS of another's advertising ideas in SAS' advertisements or alleged infringement by SAS of another's copyright or slogan in such advertisement. Under the terms of the Policy, advertisement included television broadcasts.

49.     On or about December 12, 2006, SAS tendered and requested Providence Washington defend SAS and Sobo against claims alleged in the PNL Federal Action.

11

50. Subsequently, SAS tendered a request to Providence Washington to defend and indemnify Plaintiffs against claims of copyright infringement alleged against Plaintiffs in PNL's Amended Complaint and Second Amended Complaint.

51. To date, Providence Washington has declined to defend SAS in the PNL Federal Action or reimburse SAS or Sobo for costs (including attorney's fees and disbursements) incurred by Plaintiffs in defending themselves in the PNL Federal Action.

52. Plaintiffs have incurred significant legal fees and costs in excess of $80,000 in defending themselves against the claims in the PNL Federal Action.

53. Plaintiffs have fulfilled all of their contractual obligations with Providence Washington pursuant to the terms of the Providence Washington Policy.

54. As a result of Defendant's breach of the Policy, Plaintiffs have suffered damages in an amount to be determined at trial, but in excess of $80,000.

**WHEREFORE,** Plaintiffs demand judgment on the Complaint herein with costs and disbursements, including expenses and attorney's fees, in addition to the following:

A. On the First Cause of Action, injunctive relief in the form of a declaration that Providence Washington is required to defend SAS and Sobo against the causes of action and claims made by PNL in the PNL Federal Action, and that SAS and Sobo are entitled to reimbursement for costs incurred by Plaintiffs, including attorney's fees and disbursements, in defending themselves in the PNL Federal Action;

B. On the Second Cause of Action, damages in an amount to be determined at trial, but in excess of $80,000; and

C. An Order granting such other legal and equitable relief as the Court deems just and proper in this matter.

Dated: White Plains, New York
       January 31, 2008

                                           Yours, etc.,

                                           Kevin J. Harrington
                                           John T. A. Rosenthal
                                           HARRINGTON, OCKO & MONK, LLP
                                           *Attorneys for Plaintiffs*
                                           *SAS GROUP, INC. and MICHAEL SOBO*
                                           81 Main Street, Suite 215
                                           White Plains, New York 10601
                                           Telephone:  (914) 686-4800
                                           Facsimile:   (914) 686-4824

TO:    PROVIDENCE WASHINGTON INSURANCE COMPANY
         One Providence Washington Plaza
         Providence, Rhode Island 02903

              and

        PROVIDENCE WASHINGTON INSURANCE SOLUTIONS, LLC
        88 Boyd Avenue
        East Providence, Rhode Island 02914