UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SAS GROUP, INC., and MICHAEL SOBO

                            Plaintiffs,

      -against-

PROVIDENCE WASHINGTON INSURANCE
COMPANY and PROVIDENCE WASHINGTON
INSURANCE SOLUTIONS, LLC

                            Defendants.
-----------------------------------------------------------------x

**VERIFIED ANSWER**

**08 CIV. 1021**

**Judge Robinson**

Defendants, PROVIDENCE WASHINGTON INSURANCE COMPANY and PROVIDENCE WASHINGTON INSURANCE SOLUTIONS, LLC, by their attorneys, O'CONNOR, O'CONNOR, HINTZ & DEVENEY, LLP, as and for their answer to plaintiff's complaint, set forth as follows:

    1.    Admit each and every allegation set forth in paragraphs designated "10", "12", "23", "25", "29" and "30" in the plaintiffs' complaint.

    2.    Deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "6", "7", "20", "22", "27" and "31" in the plaintiffs' complaint.

    3.    Deny each and every allegation set forth in paragraph designated "1" in the plaintiffs' complaint except admit that plaintiffs' action seeks a declaratory judgment against defendants in reference to an insurance policy issued by Providence Washington Insurance Company ("PWI").

    4.    Deny each and every allegation set forth in paragraph designated "2" in the

plaintiffs' complaint except admit that defendant PWI has denied defense or reimbursement of defense cost to plaintiffs for the underlying action.

5. Deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph designated "3" in the plaintiffs' complaint except admit that the subject insurance policy was issued by PWI to plaintiffs in New York.

6. Deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "4" and "5" in the plaintiffs' complaint and the defendants beg leave to refer all questions of law to the Court at the time of trial.

7. Deny each and every allegation set forth in paragraph designated "8" in the plaintiffs' complaint except admit that defendant PWI is a Rhode Island corporation with a principal place of business at 88 Boyd Avenue, East Providence, RI 02919.

8. Deny each and every allegation set forth in paragraph designated "9" in the plaintiffs' complaint except admit that PROVIDENCE WASHINGTON SOLUTIONS, LLC is a limited liability company organized and existing under the laws of Rhode Island, with a principal place of business of 88 Boyd Avenue, East Providence, Rhode Island 02914.

9. Deny each and every allegation set forth in paragraph designated "11" in the plaintiffs' complaint except admit that PWI issued an insurance policy to SAS under policy number CX00922482 with effective dates of coverage of May 1, 2004 through March 16, 2005, and officers of SAS would, subject to the policy's terms and conditions, be entitled to coverage thereunder, in the event of suits and claims covered under the policy.

10. Deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "13", "14", "15", "16", "17" and "18" in the plaintiffs' complaint and the defendants beg leave to refer to the subject insurance policy at issue

for all terms and conditions.

11. Deny each and every allegation set forth in paragraph designated "19" in the plaintiffs' complaint except admit that suit was filed by Perrin & Nissen Ltd. against SAS and SOBO and the defendants beg leave to refer to the body of the underlying complaint for the allegations and causes of action set forth therein against SAS and SOBO.

12. Deny each and every allegation set forth in paragraph designated "24" in the plaintiffs' complaint except admit that PWI filed an amended complaints against SAS and SOBO, and defendants beg leave to refer to the body of said pleading for the allegations and causes of action set forth herein against SAS and SOBO.

13. Deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "26" in the plaintiffs' complaint except admit that on or about August 9, 2007, PWI issued a further coverage declination letter to counsel for SAS and SOBO, and defendants beg leave to refer to that correspondence for the grounds of PWI's coverage position.

14. Deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph designated "28" in the plaintiffs' complaint and defendants beg leave to refer to the body of the Second Amended Complaint for the allegations and causes of action set forth therein against SAS and SOBO.

## AS AND TO THE FIRST CAUSE OF ACTION

15. As to the allegations set forth in the paragraph designated "32," the defendants repeat, reiterate and reallege each and every denial and admission heretofore asserted as to those allegations contained in paragraphs designated "1" through "31," inclusive, with the same force and effect as if herein set forth at length.

16. Deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph designated "33" in the plaintiffs' complaint except admit that PWI issued an insurance policy to SAS under policy number CX00922482 with effective dates of coverage of May 1, 2004 through March 16, 2005, and officers of SAS would, subject to the policy's terms and conditions, be entitled to coverage thereunder, in the event of suits and claims covered under the policy.

17. Deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph designated "34" in the plaintiffs' complaint and defendants beg leave to refer to the subject policy for its terms and conditions.

18. Deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph designated "35" in the plaintiffs' complaint and defendants beg leave to refer to the Perrin & Nissen Ltd. Complaint for the allegations and causes of action set forth therein against SAS and SOBO.

19. Admit each and every allegation set forth in paragraphs designated "36", "38" and "40" in the plaintiff's complaint.

20. Deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph designated "37" in the plaintiff's complaint and defendants beg leave to refer to the First Amended Complaint for the allegations and causes of action set forth therein against SAS and SOBO.

21. Deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph designated "39" in the plaintiffs' complaint and defendants beg leave to refer to the Second Amended Complaint for the allegations and causes of action set forth therein against SAS and SOBO.

22. Deny each and every allegation set forth in paragraphs designated "41", "43" and "44" in the plaintiffs' complaint.

23. Deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph designated "42" in the plaintiffs' complaint and defendants beg leave to refer all questions of law to the Court at the time of trial.

## AS AND TO THE SECOND CAUSE OF ACTION

24. As to the allegations set forth in the paragraph designated "45," the defendants repeat, reiterate and reallege each and every denial and admission heretofore asserted as to those allegations contained in paragraphs designated "1" through "44" inclusive, with the same force and effect as if herein set forth at length.

25. Deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraph designated "46" in the plaintiffs' complaint except admit that on or about May 8, 2004, PWI issued a policy of insurance to SAS under policy number CX00922482, with effective dates of coverage of May 1, 2004 through March 10, 2005, and defendants beg leave to refer to said policy for all terms and conditions of coverage thereunder.

26. Deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "47" and "48" in the plaintiffs' complaint and defendants beg leave to refer to said policy for all terms and conditions of coverage thereunder.

27. Admit each and every allegation set forth in paragraphs designated "49", "50" and "51" in the plaintiffs' complaint.

28. Deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "52" and "53" in the plaintiffs' complaint.

29. Deny each and every allegation set forth in paragraph designated "54" in the plaintiffs' complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

30. That plaintiff's Complaint fails to assert a cause of action upon which relief can be based as to defendant PROVIDENCE WASHINGTON INSURANCE SOLUTIONS, LLC.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

31. That none of the causes of action asserted in the underlying Complaint, First Amended Complaint and Second Amended Complaint against the PWI insureds SAS and SOBO are covered under the subject policy issued by PROVIDENCE WASHINGTON INSURANCE COMPANY, or they are subject to applicable policy exclusions.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32. That defendant PWI has timely disclaimed coverage for the underlying actions filed against SAS and SOBO under its coverage letters of March 9, 2007, August 9, 2007 and January 15, 2008.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33. That in the alternative, if the Court deems that plaintiffs are entitled to a defense and/or potential indemnity for any or all of the causes of action presently pending against SAS and SOBO in the underlying litigation, that the coverage provided by PWI is co-insurance with other available coverage written to protect SAS and SOBO against the same causes of action.

34. That in the alternative, if the Court deems that plaintiffs are entitled to a defense and/or potential indemnity for any or all of the causes of action presently pending against SAS and SOBO in the underlying litigation, that the coverage provided by PWI is excess insurance above all other available coverage written to protect SAS and SOBO against the same causes of action.

WHEREFORE, the defendants PROVIDENCE WASHINGTON INSURANCE COMPANY and PROVIDENCE WASHINGTON INSURANCE SOLUTIONS, LLC demand judgment dismissing plaintiffs' complaint herein, with costs and disbursements, including attorneys fees and expenses, in addition to a declaration:

A. In the first and second causes of action, that defendants do not owe a duty to defend or indemnify plaintiffs with respect to the underlying litigation filed by Perrin & Nissen Ltd. against SAS and SOBO in United States District of New York; and

B. That such further and other relief be provided as the Court deems just and proper.

DATED: Melville, NY
March 7, 2008

Yours, etc.,

BY _____Robert E. O'Connor_____
ROBERT E. O'CONNOR (1535)
O'CONNOR, O'CONNOR, HINTZ & DEVENEY
Attorneys for Defendants
PROVIDENCE WASHINGTON INSURANCE
COMPANY and PROVIDENCE WASHINGTON
INSURANCE SOLUTIONS, LLC
One Huntington Quadrangle, Suite 3C01
Melville, NY 11747
(631) 777-2330

TO:    HARRINGTON, OCKO & MONK, LLP
        Attorneys for Plaintiffs
        81 Main Street, Suite 215
        White Plains, NY 10601
        (914) 686-4800
        (914) 686-4824

STATE OF NEW YORK      )
                                ss:
COUNTY OF SUFFOLK   )

## ATTORNEY'S VERIFICATION

I am the handling attorney for defendants **PROVIDENCE WASHINGTON INSUANCE COMPANY and PROVIDENCE WASHINGTON INSURANCE SOLUTIONS, LLC.** I have read the annexed **ANSWER** and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: **information, investigation and correspondence maintained in the files.**

The reason I make this affirmation instead of defendants is because defendants maintain an office outside of the County where your affirmant maintains his office.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated: March 7, 2008

                                                                   _/s/ Robert C. O'Connor_
                                                                    ROBERT E. O'CONNOR

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK)
: ss.:
COUNTY OF SUFFOLK )

TERESA SHEEHAN, being duly sworn deposes and says:

I am not a party to the action, am over 18 years of age, and reside in Merrick, NY.

On **March 7, 2008**, I served a true copy of the annexed **VERIFIED ANSWER** in the following manner:

By mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

Kevin J. Harrington
HARRINGTON, OCKO & MONK, LLP
Attorneys for Plaintiffs
SAS GROUP, INC. and MICHAEL SOBO
81 Main Street, Suite 215
Wjote Plains, NY 10601

                                                                                  TERESA SHEEHAN

Sworn to before me this
7th day of March, 2008

_____
NOTARY PUBLIC

ALICIA HUGHES
Notary Public, State of New York
No. 01HU4839236
Qualified in Suffolk County
Commission Expires Dec. 31, 2009

===============================================

**PLEASE TAKE NOTICE**

[ ] that the within is a (certified) true copy of a entered in the office of the clerk of the within named court on

[ ] that an Order of which the within is a true copy will be presented for settlement to the Honorable one of the judges of the within named Court at             , at             on             , 20    

Dated:

===============================================

O'CONNOR, O'CONNOR, HINTZ & DEVENEY, LLP
Attorneys for
One Huntington Quadrangle
Suite 3C01
Melville, NY 11747-4415

===============================================

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry the contentions contained in the annexed documents are not frivolous.

Dated:

_____
Print signer's name

===============================================

O'CONNOR, O'CONNOR, HINTZ & DEVENEY, LLP
Attorneys for
One Huntington Quadrangle
Suite 3C01
Melville, New York 11747
(631) 777-2330

To:

Attorney(s) for

===============================================

---

Docket No. 08 cuv 1021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===============================================
SAS GROUP, INC., and MICHAEL SOBO

Plaintiffs,

-against-

PROVIDENCE WASHINGTON INSURANCE COMPANY and PROVIDENCE WASHINGTON INSURANCE SOLUTIONS, LLC

Defendants
===============================================

**VERIFIED ANSWER**

===============================================

O'CONNOR, O'CONNOR, HINTZ & DEVENEY, LLP
Attorneys for
One Huntington Quadrangle
Suite 3C01
Melville, NY 11747-4415
(631) 777-2330
Fax No. (631) 777-2340

===============================================

To:

Attorney(s) for

===============================================

Service of a copy of the within is hereby admitted.

Dated:

Attorney(s) for

===============================================